UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AMOS BROWN, III, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 14-5593 (RBK) (AMD) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff is a former federal prisoner. He is proceeding *pro se* with a civil rights complaint which the Court construes as being filed pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff's application to proceed *in forma pauperis* is granted based on the information provided therein and the Clerk will be ordered to file the complaint.

The complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed without prejudice. Plaintiff shall not be given leave to amend.

---

[1] This case was initially designated by the Clerk as a habeas matter in light of plaintiff's reference to his 1983 federal conviction in the United States District Court for the District of Maryland. Upon closer inspection, however, it is apparent that plaintiff is seeking only monetary relief. Accordingly, his filing is better construed as a civil rights complaint. The Clerk will be ordered to recharacterize Dkt. No. 1 as a civil rights complaint as opposed to a habeas petition.

1

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff states that he was charged in 1983 in the District of Maryland of armed bank robbery, kidnapping and other related offenses. Ultimately, a jury convicted plaintiff and he was sentenced to thirty years imprisonment in 1984. Plaintiff was released from prison on July 16, 2014. *See* http://www.bop.gov/inmateloc/ (last visited on November 5, 2014).

On September 9, 2014, plaintiff submitted his complaint in this action. Plaintiff requests compensatory and punitive damages arising from his District of Maryland conviction. He seeks an award of monetary damages because "the prosecution's case-in-chief hinged 'solely' upon informant testimony derived from the crime of 'bribing a witness.'" (Dkt. No. 1 at p. 3.) He claims the government bribed witness at this trial by reducing their sentences in exchange for their testimony.

## III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B). The statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua*

*sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

 B. *Bivens* Actions

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk*, 323 F. App'x 144, 145 n. 1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that *Bivens* held that a parallel right exists against federal officials); *see also Collins v. F.B.I.*, No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

## IV.  DISCUSSION

Plaintiff seeks an award of monetary damages because he claims that the prosecution's case-in-chief against him was derived from the crime of bribing witnesses for their testimony. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court proscribed a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff has been criminally convicted of charges directly related to the § 1983 claim. *Heck* dealt with a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486. In order to be able to recover damages in such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87. Accordingly, when a prisoner seeks damages in a civil suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The *Heck* rule also bars such claims brought under *Bivens*. *See Rogers v. Mills*, 516 F. App'x 108, 109 (3d Cir. 2013) (per curiam) (citing *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008) (citing *Williams v. Hill*, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curaim))).

In this case, plaintiff's complaint is barred by *Heck*. As plaintiff himself indicates, the prosecutor's case-in-chief against him was purportedly brought about by improper and criminal

4

bribery.  Thus, it follows that plaintiff's claims, if successful, would necessarily imply the invalidity of his federal conviction.  Furthermore, plaintiff has not alleged that his federal sentence has ever been overturned or otherwise declared invalid or called into question.  Indeed, as noted in *supra* Part II, it appears that plaintiff only recently completed serving his sentence on his conviction.  Therefore, the complaint will be dismissed without prejudice as it is barred by *Heck*.  *See Brown v. City of Phila.*, 339 F. App'x 143, 145-46 (3d Cir. 2009) (per curiam) (stating that when a claim is dismissed under *Heck*, the dismissal should be without prejudice) (citing *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996)).  As plaintiff's complaint is completely barred by *Heck*, he shall not be given leave to amend.  *Accord Abbott v. Machen*, No. 12-0308, 2012 WL 5288790, at *1 (W.D. Pa. Oct. 24, 2012) (denying leave to amend complaint as futile where plaintiff cannot overcome *Heck* bar); *see also Banks v. Hayward*, 221 F. App'x 98, 101 (3d Cir. 2007) (noting that district court did not abuse its discretion in disallowing leave to amend as plaintiff would face insurmountable *Heck* bar to claim).

## V.   CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice.  An appropriate order will be entered.


DATED:   November 7, 2014

                                                      <u>s/Robert B. Kugler</u>
                                                     ROBERT B. KUGLER
                                                     United States District Judge